# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICKEY E. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:07CV491 CDP |
| ) | |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Rickey E. Williams's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a prisoner at Eastern Reception Diagnostic and Correctional Center, pled guilty to four counts of first-degree robbery and two counts of armed criminal action. Resp. Exh. 1 at 11-27. Petitioner was sentenced to six concurrent terms of twenty years' imprisonment in the custody of the Missouri Department of Corrections. Id. at 47. Having exhausted his available state remedies, petitioner now seeks federal habeas relief on three grounds: (1) that counsel was ineffective because he erroneously advised petitioner that he would receive no more than seven years' imprisonment if petitioner entered a blind plea; (2) that his plea was not knowing and voluntary because there was not a sufficient factual basis for the plea; and (3) that he was

denied due process during his sentencing hearing because of prosecutorial misconduct. The petition is without merit and will be denied.

## Legal Standard

Under 28 U.S.C. § 2254(d),

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**Ground 1: Ineffective Assistance of Counsel**

Petitioner alleges that his counsel advised him that if he entered a blind plea, he would receive a sentence ranging from three to seven years' imprisonment. Petitioner argues that his counsel was ineffective for giving him such advice and that but for counsel's error he would have chosen to go to trial.

The Missouri Court of Appeals considered this ground and found that petitioner was not entitled to relief. In so doing, the appellate court stated:

> Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the

> mistake is based upon a positive representation on which the movant is entitled to rely. If the guilty plea proceedings directly refute that the movant's plea was involuntary, then he is not entitled to an evidentiary hearing.

Resp. Exh. 4 at 7-8.

The appellate court then reviewed the transcript from the plea colloquy and noted that petitioner testified that no one promised him anything about the sentence he would receive. Id. at 8. Also, during the sentencing hearing, the court asked petitioner if his counsel promised anything about the sentence and petitioner replied that his counsel told him that his sentences would run concurrently. Id. The court found that petitioner's claim regarding counsel's alleged promise to be refuted by the record. Id.

The state court's decision is reasonable and is not contrary to federal law. E.g., United States v. Broce, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and lawful sentence."); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (a criminal "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings."). As a result, petitioner is not entitled to relief on ground one of the petition.

**Ground 2: Factual Basis for Plea**

Petitioner alleges that the trial court failed to establish a sufficient factual basis for his guilty plea because he pled guilty to using a "deadly weapon" and a "dangerous instrument" during the commission of his crimes, but the court never ascertained the exact make and model of the weapons he used. Petitioner argues that without a specific identification of the weapons used, there cannot be a sufficient factual basis for the court to have accepted his plea.

The state court denied petitioner's motion for post-conviction relief on this ground, finding that there was a sufficient factual basis for the plea. Resp. Exh. 4 at 14.

The requirement that there be a factual basis for a plea does not rest in the Constitution and is non-cognizable in a federal habeas action. E.g., Wabasha v. Solem, 694 F.2d 155, 157 (8th Cir. 1982) (factual basis requirement comes from procedural rules, not the Constitution); Meyers v. Gillis, 93 F.3d 1147, 1151 (3rd Cir. 1996) (citing Higgason v. Clark, 984 F.2d 203, 207-08 (7th Cir. 1993)). Rather, the Constitution requires that a guilty plea be knowing and voluntary. E.g., United States v. Broce, 488 U.S. 563, 569 (1989). However, "pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea." North Carolina v. Alford, 400 U.S. 25, 38 n. 10 (1970).

In this case, petitioner did not proclaim his innocence during his plea colloquy. Instead, petitioner agreed with the prosecutor's statements that he used a "deadly weapon" and a "dangerous instrument" when he committed the crimes. Resp. Exh. 1 at 17-21. Petitioner reiterated his responsibility for the crimes at the beginning of his sentencing hearing. Id. at 36. Petitioner first claimed that he did not use a weapon in the commission of his crimes immediately after his sentence was pronounced. Id. at 51.

Because petitioner's plea of guilty was not coupled with a claim of innocence, this ground does not state a cognizable claim for federal habeas relief. Additionally, even if this claim were cognizable, it would still fail on the merits. Petitioner's sworn testimony during the plea colloquy that he used dangerous weapons during the commission of the crimes provides a sufficient factual basis for the plea. The state court's denial of petitioner's motion for post-conviction relief on this ground is therefore reasonable and is not contrary to federal law. As a result, petitioner is not entitled to relief on ground two of the petition.

**Ground 3: Prosecutorial Misconduct**

Petitioner alleges that his right to due process was violated during the sentencing hearing because the prosecutor moved the court to hear testimony from persons alleged to be victims of petitioner's uncharged crimes. Petitioner argues

that his due process rights were further violated because the prosecutor continued to refer to the alleged victims and uncharged crimes throughout the hearing.

At the beginning of the sentencing hearing, the prosecutor moved the court to allow him to introduce the testimony of three witnesses. Resp. Exh. 1 at 30. One of the witnesses was a victim of one of the crimes for which petitioner was to be sentenced. The other two witnesses were alleged to have been victims of later crimes committed by petitioner for which he had not yet been charged. The court denied the prosecutor's motion with regard to the latter two witnesses. Subsequently, the prosecutor referred to the latter witnesses and the uncharged crimes as rebuttal evidence to petitioner's evidence of his good character.

In the order denying petitioner's motion for post-conviction relief, the court stated that it did not consider the prosecutor's statements regarding the alleged witnesses and uncharged crimes when it sentenced petitioner. Resp. Exh. 1 at 110. The appellate court considered this ground and rejected it, finding no prosecutorial misconduct and that petitioner had not been prejudiced by the statements. Resp. Exh. 4 at 14-16.

Prosecutorial misconduct does not warrant federal habeas relief unless the misconduct infected the hearing with enough unfairness to render the result a denial of due process. Roberts v. Bowersox, 137 F.3d 1062, 1066 (8th Cir. 1998).

There is nothing in the record that shows that petitioner was prejudiced by the prosecutor's remarks. The post-conviction court stated that it did not consider the alleged victims or the uncharged crimes when it crafted petitioner's sentences. And the sentences imposed are well within the statutory limits. The state courts' denial of petitioner's motion for post-conviction relief on this ground is therefore reasonable and is not contrary to federal law. As a result, petitioner is not entitled to relief on this ground.

## Conclusion

Petitioner is not entitled to federal habeas relief, and the petition will be denied. Additionally, as petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c). Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

A separate Judgment shall accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of December, 2007.